UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA MILLER and
MADELYN MIRABILE, individually
and on behalf of others similarly situated,

       Plaintiffs,

vs.

CREATIVE HAIRDRESSERS, INC.,
RATNER COMPANIES, L.C. and
DENNIS RATNER, individually,


       Defendants,
_____/

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs, ANGELA MILLER and MADELYN MIRABILE individually and on behalf of others similarly situated , (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through their undersigned counsel and sue the Defendants,  CREATIVE HAIRDRESSERS, INC. (hereinafter referred to as "CREATIVE"),  RATNER COMPANIES, L.C. (hereinafter referred to as "RATNER"), and DENNIS RATNER, Individually, (hereinafter referred to as "DR") collectively known as ('DEFENDANTS") and alleges as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial

District.

## **PARTIES**

3.      Plaintiffs reside in Pasco County, Florida.

4.      Defendant, CREATIVE is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Pasco County.  At all times material Defendant, CREATIVE,  was an employer as defined by the FLSA.

5.      Defendant, RATNER, is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Pasco County.  At all times material Defendant, RATNER,  was an employer as defined by the FLSA.

6.      At all times material herein, Defendant DR is the CEO  of CREATIVE and RATNER.  As CEO he had significant ownership interest in Defendants CREATIVE and RATNER, exercised day to day control of operations and was involved in the supervision and payment of employees.

7.      At all times material Defendants were employers as defined by the laws under which this action is brought.

8.      Defendants are joint employers and/or a common or integrated enterprise.

## **GENERAL FACTUAL ALLEGATIONS**

9.      At all times material, Plaintiffs were qualified to perform their job duties within the legitimate expectations of their employers.

10.      Plaintiffs have been required to retain the undersigned counsel to represent them in this action and are obligated to pay them a reasonable fee for their services.

11.      Plaintiffs request a jury trial for all issues so triable.

**FACTS**

12.     Plaintiffs earned wages over the course of their employment, which remain unpaid by Defendants.   Specifically, Plaintiffs were not paid their earned wages for the pay period of April 7, 2020.

13.     At all times material, Defendants employed numerous individuals in the State of Florida that were and are similarly situated to Plaintiffs.

**CLASS REPRESENTATION ALLEGATIONS**

14.     Plaintiffs reallege paragraphs one through thirteen as though set forth fully herein.

15.     The unpaid wage claims are maintainable on behalf of the class  because Plaintiffs and those similarly situated are seeking primarily money damages. Additionally, the class action would achieve judicial economy and promote uniformity of a decision as to those similarly situated without sacrificing fairness to each individual.  Specifically, Defendants failed to pay employees their earned wages for the pay period of April 7, 2020.

16.     There are questions of law and fact that are common to the claims of Plaintiffs and the claims of each member of the class.  All members of the class share their claims against a specific entity, their employers.  Defendants did not pay its employees.

17.     The facts and circumstances advanced by Plaintiffs are typical of the claims of other class members because Plaintiffs, like other class members, were not paid their earned wages for the pay period of April 7, 2020.

18.     The class is comprised of at least five hundred (500) employees and potentially hundreds more, which makes the class so numerous that separate joinder of each member is impracticable.

19.     Plaintiffs, through their undersigned counsel fairly and adequately protects and represents the interests of each member of the class.  Furthermore, Plaintiffs have a personal

stake in the litigation and a straightforward relationship with undersigned counsel.  Specifically,

Plaintiffs have retained counsel experienced in civil litigation matters.  Plaintiff's counsel,

Wolfgang M. Florin and Christopher D. Gray are experienced labor and employment lawyers

who have collectively counseled thousands of employees regarding their employment claims.

Further, they have been previously approved as counsel in class action litigation.  Wolfgang M.

Florin is Board Certified by the Florida Bar in Labor and Employment Law.

## COUNT I
## FLSA MINIMUM WAGE

20.      Plaintiffs reallege paragraphs one through thirteen as though set forth fully herein.

21.      Plaintiffs are entitled to minimum wage for all hours worked pursuant to the FLSA.

22.      By reason of the intentional, willful and unlawful acts of the Defendants in violation

of the FLSA, Plaintiffs have suffered damages.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants for all damages and

relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition

to all other relief this Court deems just and proper.

## COUNT II
## FLSA MINIMUM WAGE (COLLECTIVE ACTION)

23.      Plaintiffs reallege paragraphs one through thirteen as though set forth fully herein.

24.      At all times material, Defendants employed numerous individuals who were paid in a

similar manner to Plaintiffs. Such individuals were similarly situated to Plaintiffs with respect to the

terms and conditions of their employment.

25.      At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in

that individuals similarly situated to Plaintiffs worked for Defendants but no provision was made by

Defendants to compensate such individuals at the applicable minimum wage.

26.      The putative class members are current, former, and future hourly, non-exempt

employees of Defendants who worked for Defendants during the past three (3) years and were not paid the applicable minimum wage.

27.    Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their compensation as employees of Defendants.

28.    The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

29.    Defendants' failure to pay such similarly-situated individuals the required minimum wage pursuant to the FLSA was intentional and willful.

30.    As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE,** Plaintiffs, individually, and on behalf of others similarly situated, respectfully requests all legal and suitable relief allowed by law including, but not limited to:

a.    Designation of this action as a collective action on behalf of the Plaintiffs  and all others similarly-situated;

b.    Judgment against Defendants for payment of earned minimum wage, liquidated damages, and prejudgment interest;

c.    Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

d.    An adjudication on the merits of the case; and

e.    Any other relief the Court deems proper.

### COUNT III
### FLORIDA STATUTE CHAPTER  448.08 -  UNPAID WAGES

31.    Plaintiffs reallege paragraphs one through thirteen as though set forth fully herein.

32.    Plaintiffs earned wages over the course of their employment which are owed and payable by the Defendants employer pursuant to Florida Statute Chapter 448.08.

33.    Defendants despite Plaintiffs' reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiffs individually and on behalf of others similarly situated respectfully request all legal and equitable relief allowed by law including judgment against Defendants for back pay, unpaid wages, bonuses,  unpaid commissions, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this  20th, April 2020.

FLORIN GRAY BOUZAS OWENS, LLC

*/s/Wolfgang M. Florin*
Wolfgang M. Florin
Florida Bar No.: 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 902004
Chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiffs