UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA MILLER and
MADELYN MIRABILE, individually
and on behalf of others similarly situated,

      Plaintiffs,                        CASE NO. 8:20-CV-00912-CEH-TGW

v.

CREATIVE HAIRDRESSERS, INC.,
RATNER COMPANIES, L.C. and
DENNIS RATNER, individually,

      Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT
## AND FOR DISMISSAL WITH PREJUDICE

Plaintiffs, ANGELA MILLER and MADELYN MIRABILE, and putative opt-in Plaintiffs, MILLIE BENNETT, SALVATORE RIZZOTTO, LYNNETTE MARMOLEGO, ANNA WARREN, AMY CAMINERO, and AMBER SESTA (collectively, "Plaintiffs") and Defendant, DENNIS RATNER ("Ratner" or "Defendant"), (collectively Plaintiffs and Defendant are "the Parties"), by undersigned counsel, jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement between the Parties is being filed, confidentially, as Exhibit "A" hereto.

### PROCEDURAL BACKGROUND

1.      On or about April 20, 2020, Plaintiffs, hairdressers at The Hair Cuttery, on behalf of themselves and a putative class of employees of co-Defendant, Creative Hairdressers, Inc. CHI, filed the instant action alleging minimum wage violations of the Fair Labor Standards Act (FLSA),

as well as a separate count for unpaid wages pursuant to Fla. Stat. § 448.08 (D.E. 1) (the "Complaint"), against Ratner, Ratner Companies, L.C. ("RC") and CHI. Pursuant to the allegations in the Complaint, Defendants failed to compensate Plaintiffs for a week of earned wages after missing payroll due on April 7, 2020.

2. On April 23, 2020, due, in part, to the closure of all of CHI's locations commencing in March 2020 as a result of the COVID-19 pandemic, CHI and RC (jointly, the "Debtor-Defendants") jointly filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland, case nos. 20-14583 and 20-14584 (the "Bankruptcy Court"). On April 28, 2020, the Bankruptcy Court approved the payment of prepetition wages, including any purported wages owed to Plaintiffs in this case, which were subsequently paid in full on April 30, 2020. *See* Ratner's Motion to Vacate or Set Aside Clerk's Entry of Default filed on August 2, 2020 (D.E. 18).

3. On April 29, 2020, counsel for the Debtor-Defendants filed a Suggestion of Bankruptcy in the instant case (D.E. 11). Shortly thereafter, on May 1, 2020, the Court entered an Order staying the proceedings as to the Debtor-Defendants during the pendency of their bankruptcy proceedings (D.E. 12) (the "Stay Order")

4. On August 4, 2020, Defendant Ratner filed a Motion to Dismiss, Transfer or Stay Plaintiffs' Complaint (D.E. 20) ("Motion to Dismiss"), primarily seeking dismissal of the instant lawsuit due to the overlapping claims, facts and legal theories in the first-filed putative class action filed in the U.S. District Court for the District of New Jersey, on April 7, 2020, which also seeks unpaid wage claims for the single workweek of payroll due April 7, 2020, on behalf of Debtor-Defendants' employees. *See Olsen, et al. v. Ratner Companies, L.C., et al*. No. 20-03760 (D.N.J.) (the "NJ Case"). Ratner's Motion to Dismiss also sought to dismiss Counts I and II of the

Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

5. On August 17, 2020, Plaintiffs filed an Amended Complaint (D.E. 21), removing Count II (FLSA Minimum wage on behalf of the putative class) but joining Count III (Fla. Stat. § 448.08 unpaid wages putative class claim).

6. On September 7, 2020, Defendant Ratner again moved to dismiss the replead Amended Complaint (D.E. 26), for failing to state claims upon which relief can be granted, and under the first-filed rule, seeking dismissal or transfer to the NJ Case. ("Motion to Dismiss Amended Complaint").

7. After extensive settlement discussions and while the Motion to Dismiss Amended Complaint was pending, the Parties agreed to settlement terms as memorialized herein and in Exhibit "A". *See* Notice of Settlement filed on September 21, 2020 (D.E. 27).

## MEMORANDUM OF LAW

### I. Legal Principles

Pursuant to the case law regarding settlement of claims under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), there are two ways in which claims under FLSA can be settled and released by employees. First, 29 USC §216(c) allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961

(5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlements to resolve and release the Plaintiffs' FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiffs against their employer, and purportedly one of its principals, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues regarding the Plaintiffs' claimed minimum wages. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and Defendant, through their respective counsel, discussed the Plaintiffs' alleged minimum wages and amounts purportedly still owed, calculation of damages, and formulated their own proposed settlement figures. The Parties then engaged in detailed settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations.

## **II.    Terms of Settlement**

During the settlement discussions, the Parties considered the risks and expense of continued litigation on the claims for minimum wages, including liquidated damages and attorney's fees under

the FLSA, plus the potential of future litigation, considering the first-filed NJ Case. Given the Parties' respective positions on the issues, the Parties agree that they would incur great expense litigating this issue. Defendant claims none of the Plaintiffs were owed any of their wages given that all allegedly unpaid or late-paid wages have been satisfied through the Bankruptcy Court. Plaintiffs counter that they believe wages are still owed notwithstanding the payments through the Bankruptcy Court, and that they are entitled to liquidated damages under the FLSA. Given the amount claimed in this matter, the fact that the Plaintiffs have received remuneration from Defendants through the Bankruptcy Court after the Complaint was filed, and the possibility of the Plaintiffs recovering nothing, the Parties agree that the amount paid to each Plaintiff is a fair compromise. Moreover, each of the Plaintiffs have filed Proofs of Claim in the Bankruptcy Court, which they have agreed to withdraw as a condition to the instant settlement, and which is reflected in the Settlement Agreement. As a result, the settlements agreed upon in this matter to settle the claims total $15,000.00 inclusive of fees and costs and is fair and equitable under the teachings of *Lynn's Food Stores* for the unpaid minimum wage claim.

The attorney's fees and costs were negotiated separately from Plaintiff's recovery. Counsel for Plaintiffs further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that he accepts the aforesaid sum in full satisfaction of the attorney's fees and costs incurred on the Plaintiffs' behalf for the minimum wage claims. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during informal negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

The parties also settled the retaliation claim and agreed to a general release of all claims to prevent further litigation of potential claims. The parties settled globally for $15,000.00, with plaintiff Angela Miller receiving $1,000.00 and each other plaintiff receiving $500 (totaling $4,500.00) as stated in the settlement agreement attached.

### III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice, but retaining jurisdiction to enforce the parties' Settlement Agreement.

Respectfully submitted on this 23rd day of November, 2020.

| | |
|---|---|
| *By: /s/Wolfgang M. Florin* | By: */s/ Andrew Zelmanowitz* |
| | Andrew B. Zelmanowitz, Esq. |
| FLORIN GRAY BOUZAS OWENS, LLC | Florida Bar No. 74202 |
| Wolfgang M. Florin | azelman@bergersingerman.com |
| wolfgang@fgbolaw.com | Scott Jablonski |
| Christopher D. Gray | Florida Bar No. 766011 |
| Chris@fgbolaw.com | sjablonski@bergersingerman.com |
| 16524 Pointe Village Drive, Suite 100 | BERGER SINGERMAN LLP |
| Lutz, FL 33558 | 350 East Las Olas Blvd, Suite 1000 |
| Telephone (727) 254-5255 | Fort Lauderdale, Florida 33301 |
| Facsimile (727) 483-7942 | Telephone: (954) 525-9900 |
| Attorneys for Plaintiff | Facsimile: (954) 523-2872 |
| | Attorneys for Defendant |