UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA MILLER, and
MADELYN MIRABLE, individually
and on behalf of others similarly situated,
    Plaintiffs,

v.                                            CASE NO. 8:20-cv-912-T-36TGW

CREATIVE HARIDRESSERS, INC.,
RATNER COMPANIES, L.C. and
DENNIS RATNER, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on to be heard upon the Joint Motion to Approve FLSA Settlement and for Dismissal With Prejudice (Doc. 29). The motion was referred to me. A hearing was held on December 11, 2020.

The plaintiffs allege in the amended complaint violations of the Fair Labor Standards Act minimum wages provision and the Florida Unpaid Wages statute (Doc. 21). Specifically, the plaintiffs allege that they were not paid for hours worked during the week of April 7, 2020 (id., pp. 4, 5). Representative plaintiff, Angela Miller, also claims that the defendants did not pay her for two weeks of earned PTO (paid time off). The plaintiffs request compensatory damages, liquidated damages, costs and attorneys'

fees (see id., p. 6). Soon after the filing of this lawsuit, the defendant companies filed for bankruptcy, and the Bankruptcy Court approved the payment of prepetition wages, including any wages owed to the plaintiffs (see Doc. 29, p. 2). Those wages have been paid to the plaintiffs.

The plaintiffs and individual defendant Dennis Ratner have entered into a settlement agreement in which the defendant agrees to pay a total of $15,000 to resolve this case (Doc. 29-1, pp. 2–4).* Specifically, Miller agrees to accept $1,000, and each of the other plaintiffs will receive $500, for a total of $4,500 to the plaintiffs (Doc. 29, p. 6).

Based on the Eleventh Circuit Court of Appeals recent holding in Johnson v. NPAS Solutions, LLC, 975 F.3d 1244, 1260 (11th Cir. 2020), that "incentive" awards to named plaintiffs are prohibited, I asked counsel why Miller, a representative plaintiff, would receive double the amount of the other plaintiffs. Counsel explained that Miller's larger payment was not an incentive award, but compensation for her distinct claim for two weeks' of unpaid PTO. Therefore, this proposed settlement does not violate Johnson's holding prohibiting incentive awards.

---

*Defendants Creative Hairdressers, Inc. and Ratner Cos., L.C., are in bankruptcy and are not parties to this agreement. This settlement includes the plaintiffs' agreement to withdraw the Proofs of Claim they filed in the Bankruptcy Court and waive all other claims against the defendants in connection with the plaintiffs' employment (Doc. 29-1, p. 2). Plaintiffs' counsel stated at the hearing that there were no other known claims against the defendant.

2

The settlement remainder of $10,500 is the attorney's fees and costs (see Doc. 29, p. 6). Significantly, the parties state that "[t]he attorney's fees and costs were negotiated separately from Plaintiffs['] recovery" (id., p. 5), and plaintiffs' counsel emphasized at the hearing that they do not affect the plaintiffs' recovery.

Furthermore, the parties maintain that the settlement reflects a fair and equitable compromise of the plaintiffs' claims (id., p. 5). Significantly, counsel confirmed at the hearing that the Bankruptcy Court paid to the plaintiffs all due wages and liquidated damages. Thus, counsel represent that, with this settlement, the plaintiffs will receive more than the amount to which they were entitled under the FLSA. Therefore, I find the parties' settlement agreement constitutes a fair and reasonable compromise of this dispute.

Compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment after scrutinizing the settlement for fairness. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Therefore, in any FLSA case, the Court must review the parties' settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. Id. at 1355. The

3

Court is also required to ensure that counsel's fee is reasonable not only so that counsel is compensated adequately, but so that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. See Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

When evaluating whether a compromise is fair and reasonable, courts examine the following factors: (1) whether there was fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings; (4) the probability of plaintiff's success; (5) the range of possible recovery and (6) counsel's opinion. See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Keeping these factors in mind, I note that the parties settled this matter after negotiations which considered, among other things, the cost and time of continued litigation, and the uncertainty and risks associated with continued litigation (Doc. 29, pp. 4-5). Furthermore, the parties have been represented by competent counsel throughout this litigation (see Doc. 21, p. 6).

Specifically, counsel assert that the "settlement is fair and equitable under the teachings of Lynn's Food Stores" because "[t]he Parties

4

... would incur great expense litigating this issue" and

> [g]iven the amount claimed in this matter, the fact that the Plaintiffs have received remuneration from Defendants through the Bankruptcy Court after the Complaint was filed, and the possibility of the Plaintiffs recovering nothing, the Parties agree that the amount paid to each Plaintiff is a fair compromise.

(Doc. 29, p. 5).

Thus, in settling this matter, the plaintiffs considered there was a risk that they could receive nothing from this lawsuit. Significantly, counsel for both parties stated at the hearing that, with the settlement funds, the plaintiffs are receiving more than the amount to which they are entitled under the FLSA.

The parties also specify that "there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement," and that the parties, "through their attorneys, voluntarily agreed to the terms of their settlement" (id.). Counsel particularly noted that they engaged in "detailed" and "extensive" settlement discussions (id., pp. 3, 4), which further shows that the settlement was a well-informed decision.

Accordingly, on the facts of this case, I find the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.

5

DeGraff v. SMA Behavioral Health Servs, Inc., 945 F.Supp.2d 1324, 1328 (M.D. Fla. 2013), quoting Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1354.

As to the attorneys' fees, the plaintiff did not provide time sheets detailing counsel's time, or the hourly rate. The absence of this information, however, does not undermine the Court's ability to evaluate the reasonableness of the parties' settlement as I do not find the amount of the attorneys' fees to be unreasonable on its face. See DeGraff v. SMA Behavioral Health Servs, Inc., supra, 945 F. Supp.2d at 1329. As indicated, plaintiffs' counsel represent that the settlement arose after "extensive" and "detailed" settlement discussions (Doc. 29, pp. 3, 4), thereby indicating a substantial investment of time in this case. Additionally, plaintiffs' counsel stated at the hearing that this matter was more time consuming because of the bankruptcy issues intertwined in this case.

Furthermore, courts in this district have generally agreed that:

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face

6

> or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Bonetti v. Embarq Mgmt. Co., 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009); see also Mason v. Wyndham Vacation Ownership, Inc., 2012 WL 570060, at *3 (M.D. Fla. 2012); Church v. Conrad Yelvington Distrib., Inc., 2011 WL 6002519, at *2 (M.D. Fla. 2011). Those factors are satisfied here (see Doc. 29). Therefore, there is no reason to assume that the attorney's fees influenced the reasonableness of the plaintiff's settlement. Bonetti v. Embarq Mgmt. Co., supra, 715 F. Supp.2d at 1228.

In sum, I find the terms of the settlement agreement are fair, just, and in accordance with the FLSA. See Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1352-53. Consequently, I recommend that the Joint Motion to Approve FLSA Settlement and for Dismissal With Prejudice (Doc. 29) be granted, and this case be dismissed with prejudice.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 31, 2020.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.